IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| GILBERTO GOMEZ VICENTE, individually as the surviving father of Claudia Patricia Gomez Gonzalez and as heir-at-law to the Estate of Claudia Patricia Gomez Gonzalez; LIDIA GONZALEZ VASQUEZ, individually as the surviving mother of Claudia Patricia Gomez Gonzalez and as heir-at-law to the Estate of Claudia Patricia Gomez Gonzalez; and RICARDO DE ANDA, in his capacity as Administrator of the Estate of Claudia Patricia Gomez Gonzalez, <br><br>　　　　　　Plaintiffs, <br><br>　v. <br><br>UNITED STATES OF AMERICA; ROMUALDO BARRERA, Agent, United States Border Patrol, in his individual capacity; and DOES 1-20, Agents, United States Border Patrol, in their individual capacities. <br><br>　　　　　　Defendants. | Case No. _____ <br><br>**COMPLAINT** <br><br>**JURY TRIAL DEMANDED** |

**PRELIMINARY STATEMENT**

1.　On May 23, 2018, an agent of the United States Border Patrol, believed to be Defendant Romualdo Barrera, killed Claudia Patricia Gomez Gonzalez ("Claudia") by shooting her in the head. Both the agent and Claudia were on United States soil, several hundred yards from the U.S.-Mexico border at the Rio Grande river, in the town of Rio Bravo, Texas. This civil rights action seeks damages against the United States for common law battery, negligence, gross negligence, and reckless conduct pursuant to the Federal Tort Claims Act, and against the agent

who killed Claudia pursuant to the Fourth and Fifth Amendments to the United States Constitution and, in the alternative, for common law battery.

2.     Claudia was a defenseless and unarmed twenty-year old woman who posed no threat whatsoever to the agent, or anyone else. Her killing was unjustified and unlawful, and an affront to the basic standards we expect government agents to abide by in a free country.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the *Bivens* and Federal Tort Claims Act in this Complaint under the Fourth and Fifth Amendments to the United States Constitution, 28 U.S.C. §§ 1331 and 1346(b)(1) This Court has supplemental jurisdiction over the common law battery claims brought in the alternative against the agent who killed Claudia under 28 U.S.C. § 1367.

4.     This Court has jurisdiction over the Federal Tort Claims Act claims against the United States because on May 23, 2019, administrative tort claims were submitted on Standard Form 95 to the U.S. Department of Homeland Security, U.S. Customs and Border Protection, and U.S. Border Patrol. More than six months have passed since the filing of the administrative claims without action by the agencies. Plaintiffs have therefore exhausted their administrative remedies under 28 U.S.C. § 2675(a). *See* Ex. A (Form SF-95).

5.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) & (e)(1)(B) because the act giving rise to this action occurred in this district and because, based on public records, Defendant Barrera is believed to reside in Laredo, Texas, and under 28 U.S.C. § 1402(b) because the act giving rise to this action occurred in this district.

6.     Intra-district assignment to the Laredo Division is proper because the incident giving rise to this action occurred in Webb County and because, based on public records, Defendant Barrera is believed to reside in Laredo, Texas.

## **PARTIES**

7. Plaintiff Gilberto Gomez Vicente resides in Guatemala. He is the father of the deceased, Claudia. He brings this lawsuit as Claudia's surviving father and as an heir-at-law of Claudia's estate.

8. Plaintiff Lidia Gonzalez Vasquez resides in Guatemala. She is the mother of the deceased, Claudia. She brings this lawsuit as Claudia's surviving mother and as an heir-at-law of Claudia's estate.

9. Plaintiff Ricardo de Anda resides in Laredo, Texas. He is the administrator of Claudia's estate and brings suit solely in that capacity.

10. Defendant United States of America is the appropriate defendant under the Federal Tort Claims Act.

11. Defendant United States Border Patrol Agent Romualdo Barrera was at all times relevant to this Complaint an employee of the United States Border Patrol, a division of the United States Customs and Border Protection ("CBP"), which is part of the United States Department of Homeland Security. Upon information and belief, he was at all times relevant to this Complaint assigned to the Laredo South Station in the Laredo Sector and was the agent who shot and killed Claudia in Rio Bravo, Texas. He is sued in his individual capacity.

12. Defendants Does 1-20 were at all times relevant to this Complaint employees of the United States Border Patrol who shot or participated in shooting and killing Claudia. Plaintiffs do not officially know the names of these defendants at this time and will seek leave to amend the Complaint so as to name each appropriate defendant after the completion of discovery.

13. At all times relevant to this Complaint, Defendants Barrera and Does 1-20 were acting within the course and scope of their employment with the United States Border Patrol.

14. At all times relevant to this Complaint, Defendants Barrera and Does 1-20 were investigative or law enforcement officers of the United States Government empowered by law to execute searches, to seize evidence, and to make arrests for violations of federal law. *See, e.g.*, 8 U.S.C. § 1357.[1]

## FACTS

15. Claudia was a twenty-year-old, hardworking, studious, and caring young woman. She was an exemplary student and had studied accounting.

16. In addition to her studies, Claudia helped her mother with household chores, was a devout member of her church group, and served her community nobly and humbly. Claudia was well respected and known for her willingness to help and uplift those around her.

17. Rio Bravo is a quiet, small Texas town of just under 5,000 people. It is located on the outskirts of Laredo. It is bordered on the west by the Rio Grande, the international border between Mexico and the United States.

18. Rio Bravo largely consists of modest single-story homes, located along four streets that run perpendicular to the river. In 2016, the FBI's Uniform Crime Reporting program reported *zero* incidents of violent crime in Rio Bravo—making it the safest town in Texas.

19. Local Border Patrol agents are familiar with Rio Bravo. The Webb County Detention Center and Rio Grande detention center are just to the north of town. And there are

---

[1] Upon information and belief, Defendants Barrera and Does 1-20 also had the powers conferred by 21 U.S.C § 878 pursuant to a memorandum of understanding between the Drug Enforcement Administration and the Department of Homeland Security or its predecessors.

4

usually one or two Border Patrol vehicles along Tulipan Drive, which runs parallel to the river just inland, with a clearing between the river and the road.

20. Shortly after noon on May 23, 2018, Claudia was traveling along Centeno Lane in Rio Bravo, about one-third of a mile from the river, with a few other people.

21. Claudia wore jeans, a light grey t-shirt, and a hoodie, with her hair tied back in a ponytail. She was not carrying a bag, backpack, or any visible objects. She did not have any weapons. Nor did she have anything that could even be perceived as a weapon.

22. Claudia and the people she was with were in the corner of a private, residential, fenced-in lot with overgrown weeds and brush. That was where an agent (the "Agent") of the U.S. Border Patrol came into contact with them. On information and belief, that agent was Defendant Barrera, and if it was not Defendant Barrera, it was one of Defendants Does 1-20.

23. Two people from Claudia's group ran toward the river. Two others ran toward an abandoned and dilapidated mobile home two lots away, to hide. Claudia and another person stayed in the vacant lot.

24. The Agent drew his weapon. When Claudia took a step, the Agent aimed at her, pulled the trigger, and shot her in the head. Claudia fell to the ground, face down. Agent Barrera then chased the two men who hid in the mobile home. Soon, other Border Patrol agents arrived at the scene.

25. A local resident who heard the gunshot began recording the incident on video. At this point, another Border Patrol agent stood over Claudia's body. He attempted to turn her over, revealing blood across one side of her face. As Claudia lay dying, she opened her mouth and gasped for air. It took her at least several minutes to die.

5

26. At no time did the local resident who recorded the aftermath hear or witness any indication that Claudia posed a threat to the Agent.

27. Claudia posed no threat to anyone, as would have been obvious from the slightest glance. She was a petite woman of small build. She was clearly unarmed. She was not carrying anything that could even remotely be perceived as a weapon or any other kind of threat.

28. No one else in Claudia's group created any threat of danger either—not to the Agent, and not to anyone else. No one other than the Agent had any weapons. No one did anything that could remotely be construed as threatening or violent, let alone as posing any imminent danger of serious physical injury or death.

29. Following the shooting, CBP issued a press release stating that members of Claudia's group had used "blunt objects" to attack the Agent, and that Claudia was "one of the assailants." CBP later retracted that statement and issued a new statement—which did not include any reference to blunt objects, and which also did not include any allegations that Claudia had assaulted the Agent. Upon information and belief, the reason why CBP retracted the statement and issued the new statement was because it had determined that the Agent's claims that he was assaulted were not credible.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Federal Tort Claims Act—Wrongful Death and Survival Statute—Against Defendant United States of America)**

30. Plaintiffs incorporate paragraphs 15-29, as set forth above.

31. At all times relevant to this Complaint, Defendants Barrera and Does 1-20 were investigative or law enforcement officers of the United States Government empowered by law to execute searches, to seize evidence, and to make arrests for violations of federal law.

32. Defendants Barrera and/or Does 1-20, who were employees or agents of the United States acting in the course of their duties as Border Patrol Agents, intentionally caused harmful or offensive contact with Claudia by intentionally firing a weapon at her and intentionally shooting her in the head, causing Claudia to suffer injury and death.

33. Defendants' shooting of Claudia constituted excessive and unreasonable force and was unauthorized, unprivileged, and unlawful.

34. Defendants Barrera and/or Does 1-20's battery directly and proximately caused (i) Claudia's pre-death pain and suffering, including pain and emotional injury caused by the knowledge that she was mortally wounded; and (ii) Claudia's parents to suffer emotional distress, loss of companionship, and loss of financial support due to the death of their daughter.

35. The United States is directly and vicariously liable for Defendants Barrera and/or Does 1-20's battery. Defendants Barrera and/or Does 1-20 were investigative or law enforcement officers who were empowered by law to execute searches, to seize evidence, and to make arrests, and accordingly the United States is not immune from liability for their intentional torts.

36. Pursuant to the Texas Wrongful Death Statute, Plaintiffs are entitled to bring this action for the benefit of Claudia's parents.

37. Pursuant to the Texas Survival Statute, Plaintiffs are entitled to bring these claims for the benefit of Claudia's heirs, legal representatives, and estate.

### SECOND CAUSE OF ACTION
### Negligence, Gross Negligence, and Recklessness
### (Federal Tort Claims Act—Wrongful Death and Survival Statute—Against Defendant United States of America)

38. Plaintiffs incorporate paragraphs 15-29, as set forth above.

39. At all times relevant hereto, the United States Department of Homeland Security was an executive department of the United States, U.S. Customs and Border Protection was a

7

component agency of the United States Department of Homeland Security, and U.S. Border Patrol was a component of U.S. Customs and Border Protection. *See* 6 U.S.C. §§ 111, 211.

40. The United States Department of Homeland Security and U.S. Customs and Border Protection (including its component, U.S. Border Patrol), had a duty to execute their agency functions in a manner that avoids causing the unreasonable, excessive, and unprovoked harm, injury, and death of third parties.

41. The United States Department of Homeland Security and U.S. Customs and Border Protection (including its component, U.S. Border Patrol) breached this duty when (i) one of their employees or agents acted unreasonably or recklessly, resulting in an agent of the U.S. Border Patrol shooting Claudia, for which the United States Department of Homeland Security and U.S. Customs and Border Protection are directly and vicariously liable; (ii) the United States Department of Homeland Security and U.S. Customs and Border Protection failed to supervise the Agent to ensure that the Agent took reasonable steps to avoid harm to others; (iii) the United States Department of Homeland Security and U.S. Customs and Border Protection failed to train the Agent to ensure that the Agent did not unlawfully use lethal force; and (iv) the United States Department of Homeland Security and U.S. Customs and Border Protection failed to take reasonable steps in planning the operation to minimize the risk that lethal force would be used.

42. As a direct and proximate result of this negligence, gross negligence, and reckless conduct, (i) Claudia suffered pre-death pain and suffering, including pain and emotional injury caused by the knowledge that she was mortally wounded; and (ii) Claudia's parents suffered emotional distress, loss of companionship, and loss of financial support due to the death of their daughter.

43. Pursuant to the Texas Wrongful Death Statute, Plaintiffs are entitled to bring this action for the benefit of Claudia's parents.

44. Pursuant to the Texas Survival Statute, Plaintiffs are entitled to bring these claims for the benefit of Claudia's heirs, legal representatives, and estate.

### THIRD CAUSE OF ACTION
### Excessive, Unreasonable Force in Violation of the Fourth Amendment to the U.S. Constitution
### (*Bivens* Claim—Wrongful Death—Against Defendants Barrera and Does 1-20)

45. Plaintiffs incorporate paragraphs 15-29, as set forth above.

46. At all relevant times, Defendants Barrera and Does 1-20 were acting under the color of law.

47. Defendants Barrera and Does 1-20's actions under the color of federal law deprived Claudia of her right to be free from unreasonable seizures by using excessive and unreasonable lethal force against her, in violation of the Fourth Amendment to the U.S. Constitution.

48. At the time Defendants Barrera and/or Does 1-20 killed Claudia, neither Claudia nor anyone else at the scene posed or could reasonably be perceived to be posing any danger at all, let alone any danger of death or serious bodily harm. Defendants Barrera and/or Does 1-20's use of lethal force was objectively unreasonable.

49. At the time when Defendants Barrera and/or Does 1-20 shot Claudia, it was well-established that the Fourth Amendment to the United States Constitution does not permit government officers to use lethal force against a person unless that person posed an immediate and significant threat of death or bodily harm to the officers or to the public.

50. Defendants Barrera and/or Does 1-20's excessive and unreasonable use of force directly and proximately caused Claudia's death.

9

51. Defendants Barrera and/or Does 1-20's excessive and unreasonable use of force directly and proximately caused (i) Claudia's pre-death pain and suffering, including pain and emotional injury caused by the knowledge that she was mortally wounded; and (ii) Claudia's parents to suffer emotional distress, loss of companionship, and loss of financial support due to the death of their daughter.

52. This cause of action for the violation of Plaintiffs' Fourth Amendment rights is brought pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

53. Pursuant to the Texas Wrongful Death Statute, Plaintiffs are entitled to bring this action for the benefit of Claudia's parents.

54. Defendants Barrera and/or Does 1-20 acted with the specific intent to cause substantial injury and harm when shooting Claudia. The acts of Defendants Barrera and/or Does 1-20 also involved an extreme degree of risk of which Defendants Barrera and/or Does 1-20 had actual subjective awareness. Defendants Barrera and/or Does 1-20's acts were criminal, knowing and intentional, and constituted the crimes of, among other crimes, murder and aggravated assault. Plaintiffs are therefore entitled to exemplary or punitive damages.

**FOURTH CAUSE OF ACTION**
**Excessive, Unreasonable Force in Violation of the Fourth Amendment to the U.S. Constitution**
*(Bivens Claim—Survival Statute—Against Defendants Barrera and Does 1-20)*

55. Plaintiffs incorporate paragraphs 15-29, as set forth above.

56. At all relevant times, Defendants Barrera and Does 1-20 were acting under the color of law.

57. Defendants Barrera and Does 1-20's actions under the color of federal law deprived Claudia of her right to be free from unreasonable seizures by using excessive and

unreasonable lethal force against her, in violation of the Fourth Amendment to the U.S. Constitution.

58. At the time Defendants Barrera and/or Does 1-20 killed Claudia, neither Claudia nor anyone else at the scene posed or could reasonably be perceived to be posing any danger at all, let alone any danger of death or serious bodily harm. Defendants Barrera and/or Does 1-20 use of lethal force was objectively unreasonable.

59. At the time when Defendants Barrera and/or Does 1-20 shot Claudia, it was well-established that the Fourth Amendment to the United States Constitution does not permit government officers to use lethal force against a person unless that person posed an immediate and significant threat of death or bodily harm to the officers or to the public.

60. Defendants Barrera and/or Does 1-20's excessive and unreasonable use of force directly and proximately caused Claudia's pre-death suffering, including pain and emotional injury caused by the knowledge that she was mortally wounded.

61. This cause of action for the violation of Plaintiffs' Fourth Amendment rights is brought pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

62. Pursuant to the Texas Survival Statute, Plaintiffs are entitled to bring these claims for the benefit of Claudia's heirs, legal representatives, and estate.

63. Defendants Barrera and/or Does 1-20 acted with the specific intent to cause substantial injury and harm when shooting Claudia. The acts of Defendants Barrera and/or Does 1-20 also involved an extreme degree of risk of which Defendants Barrera and/or Does 1-20 had actual subjective awareness. Defendants Barrera and/or Does 1-20's acts were criminal, knowing and intentional, and constituted the crimes of, among other crimes, murder and aggravated assault. Plaintiffs are therefore entitled to exemplary or punitive damages.

## FIFTH CAUSE OF ACTION
**Deprivation of Due Process in Violation of the Fifth Amendment to the U.S. Constitution**
*(Bivens* Claim—Wrongful Death—Against Defendants Barrera and Does 1-20)

64. Plaintiffs incorporate paragraphs 15-29, as set forth above.

65. At all relevant times, Defendants Barrera and Does 1-20 were acting under the color of law.

66. As a direct result of his actions set forth in this Complaint, Defendants Barrera and/or Does 1-20 intentionally acted under the color of federal law to deprive Claudia of her right not to be deprived of her life without due process of law, in violation of the Fifth Amendment to the U.S. Constitution.

67. By intentionally and fatally shooting Claudia, Defendants Barrera and/or Does 1-20 deprived Claudia of her right to not be deprived of her life without due process.

68. Defendants Barrera and/or Does 1-20's intentional shooting and killing of Claudia constituted actions that shock the conscience, violate the decencies of civilized conduct, or interfere with the rights implicit in the concept of ordered liberty.

69. Thus, Defendants Barrera and/or Does 1-20's actions under the color of federal law caused Claudia's loss of life without due process of law and therefore implicated her due process life interest.

70. Defendants Barrera and/or Does 1-20's fatal shooting of Claudia which resulted in the deprivation of Claudia's due process right caused (i) Claudia's pre-death pain and suffering, including pain and emotional injury caused by the knowledge that she was mortally wounded; and (ii) Claudia's parents to suffer emotional distress, loss of companionship, and loss of financial support due to the death of their daughter.

71. This cause of action for the violation of Plaintiffs' Fifth Amendment rights is brought pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

72. Pursuant to the Texas Wrongful Death Statute, Plaintiffs are entitled to bring this action for the benefit of Claudia's parents.

73. Defendants Barrera and/or Does 1-20 acted with the specific intent to cause substantial injury and harm when shooting Claudia. The acts of Defendants Barrera and/or Does 1-20 also involved an extreme degree of risk of which Defendants Barrera and/or Does 1-20 had actual subjective awareness. Defendants Barrera and/or Does 1-20's acts were criminal, knowing and intentional, and constituted the crimes of, among other crimes, murder and aggravated assault. Plaintiffs are therefore entitled to exemplary or punitive damages.

**SIXTH CAUSE OF ACTION**
**Deprivation of Due Process in Violation of the Fifth Amendment to the U.S. Constitution**
**(*Bivens* Claim—Survival Statute—Against Defendants Barrera and Does 1-20)**

74. Plaintiffs incorporate paragraphs 15-29, as set forth above.

75. At all relevant times, Defendants Barrera and Does 1-20 were acting under the color of law.

76. As a direct result of his actions set forth in this Complaint, Defendants Barrera and/or Does 1-20 intentionally acted under the color of federal law to deprive Claudia of her right not to be deprived of her life without due process of law, in violation of the Fifth Amendment to the U.S. Constitution.

77. By intentionally and fatally shooting Claudia, Defendants Barrera and/or Does 1-20 deprived Claudia of her right to not be deprived of her life without due process.

78. Defendants Barrera and/or Does 1-20's intentional shooting and killing of Claudia constituted actions that shock the conscience, violate the decencies of civilized conduct, or interfere with the rights implicit in the concept of ordered liberty.

79. Thus, Defendants Barrera and/or Does 1-20's actions under the color of federal law caused Claudia's loss of life without due process of law and therefore implicated her due process life interest.

80. Defendants Barrera and/or Does 1-20's fatal shooting of Claudia which resulted in the deprivation of Claudia's due process right caused Claudia's pre-death suffering, including pain and emotional injury caused by the knowledge that she was mortally wounded.

81. This cause of action for the violation of Plaintiffs' Fifth Amendment rights is brought pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

82. Pursuant to the Texas Survival Statute, Plaintiffs are entitled to bring these claims for the benefit of Claudia's heirs, legal representatives, and estate.

83. Defendants Barrera and/or Does 1-20 acted with the specific intent to cause substantial injury and harm when shooting Claudia. The acts of Defendants Barrera and/or Does 1-20 also involved an extreme degree of risk of which Defendants Barrera and/or Does 1-20 had actual subjective awareness. Defendants Barrera and/or Does 1-20's acts were criminal, knowing and intentional, and constituted the crimes of, among other crimes, murder and aggravated assault. Plaintiffs are therefore entitled to exemplary or punitive damages.

### SEVENTH CAUSE OF ACTION
### Battery
### (Wrongful Death—Against Defendants Barrera and Does 1-20)

84. Plaintiffs incorporate paragraphs 15-29, as set forth above.

85. Defendants Barrera and/or Does 1-20 intentionally caused harmful or offensive contact with Claudia by intentionally firing a weapon at her and intentionally shooting her in the head.

86. Defendants' shooting of Claudia constituted excessive and unreasonable force and was unauthorized, unprivileged, and unlawful.

87. Defendants Barrera and/or Does 1-20's battery directly and proximately caused (i) Claudia's pre-death pain and suffering, including pain and emotional injury caused by the knowledge that she was mortally wounded; and (ii) Claudia's parents to suffer emotional distress, loss of companionship, and loss of financial support due to the death of their daughter.

88. Pursuant to the Texas Wrongful Death Statute, Plaintiffs are entitled to bring this action for the benefit of Claudia's parents.

89. Defendants Barrera and/or Does 1-20 acted with the specific intent to cause substantial injury and harm when shooting Claudia. The acts of Defendants Barrera and/or Does 1-20 also involved an extreme degree of risk of which Defendants Barrera and/or Does 1-20 had actual subjective awareness. Defendants Barrera and/or Does 1-20's acts were criminal, knowing and intentional, and constituted the crimes of, among other crimes, murder and aggravated assault. Plaintiffs are therefore entitled to exemplary or punitive damages.

**EIGHTH CAUSE OF ACTION**
**Battery**
**(Survival Statute—Against Defendants Barrera and Does 1-20)**

90. Plaintiffs incorporate paragraphs 15-29, as set forth above.

91. Defendants Barrera and/or Does 1-20 intentionally caused harmful or offensive contact with Claudia by intentionally firing a weapon at her and intentionally shooting her in the head.

92. Defendants' shooting of Claudia constituted excessive and unreasonable force and was unauthorized, unprivileged, and unlawful.

93. Defendants Barrera and/or Does 1-20's battery directly and proximately caused (i) Claudia's pre-death pain and suffering, including pain and emotional injury caused by the knowledge that she was mortally wounded; and (ii) Claudia's parents to suffer emotional distress, loss of companionship, and loss of financial support due to the death of their daughter.

94. Pursuant to the Texas Survival Statute, Plaintiffs are entitled to bring these claims for the benefit of Claudia's heirs, legal representatives, and estate.

95. Defendants Barrera and/or Does 1-20 acted with the specific intent to cause substantial injury and harm when shooting Claudia. The acts of Defendants Barrera and/or Does 1-20 also involved an extreme degree of risk of which Defendants Barrera and/or Does 1-20 had actual subjective awareness. Defendants Barrera and/or Does 1-20's acts were criminal, knowing and intentional, and constituted the crimes of, among other crimes, murder and aggravated assault. Plaintiffs are therefore entitled to exemplary or punitive damages.

## JURY TRIAL DEMANDED

96. Plaintiffs respectfully demand a jury trial for all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to:

a. Declare that the actions of Defendants violated the U.S. Constitution;

b. Grant Plaintiffs a trial by jury as to all claims so triable;

c. Award compensatory damages in an amount to be determined at trial;

d. Award exemplary or punitive damages in an amount to be determined at trial;

e. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

f.  Grant such other and further relief as this Court deems proper.

//

Dated: May 12, 2020                          Respectfully submitted,

Yosef J. Riemer*                             /s/ *Edgar Saldivar*
N.Y. Bar No. 2703585                         Edgar Saldivar (Attorney-In-Charge)
Joseph A. Loy                                Tex. Bar No. 24038188;
N.Y. Bar No. 4300042;                        S.D. Tex. Bar No. 618958
S.D. Tex. Bar No. 3546265                    Andre Segura
Joseph M. Sanderson*                         Tex. Bar No. 24107112;
N.Y. Bar No. 5585476                         S.D. Tex. Bar No. 3123385
Giselle Sedano*                              ACLU FOUNDATION OF TEXAS, INC.
N.Y. Bar No. 5618186                         5225 Katy Fwy., Suite 350
KIRKLAND & ELLIS LLP                         Houston, Texas 77007
601 Lexington Avenue                         (713) 942-8146
New York, New York 10022                     esaldivar@aclutx.org
Telephone: (212) 446-4800                    asegura@aclutx.org
Facsimile: (212) 446-4900
yriemer@kirkland.com                         Bernardo Rafael Cruz*
jloy@kirkland.com                            Tex. Bar No. 24109774
joseph.sanderson@kirkland.com                ACLU FOUNDATION OF TEXAS, INC.
giselle.sedano@kirkland.com                  109 N. Oregon St., Suite 600
                                             El Paso, TX
                                             (915) 308-7163
                                             brcruz@aclutx.org

                                             Lee Gelernt*
                                             N.Y. Bar No. 2502532
                                             AMERICAN CIVIL LIBERTIES UNION
                                             FOUNDATION
                                             125 Broad Street, 18th Floor
                                             New York, NY 10004
                                             Phone: (212) 549-2600
                                             Fax: (212) 549-2654
                                             lgelernt@aclu.org

\* *Motions to appear pro hac vice forthcoming*