IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| GILBERTO GOMEZ VICENTE, individually as the surviving father of Claudia Patricia Gomez Gonzalez and as heir-at-law to the Estate of Claudia Patricia Gomez Gonzalez; LIDIA GONZALEZ VASQUEZ, individually as the surviving mother of Claudia Patricia Gomez Gonzalez and as heir-at-law to the Estate of Claudia Patricia Gomez Gonzalez; and RICARDO DE ANDA, in his capacity as Administrator of the Estate of Claudia Patricia Gomez Gonzalez,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; ROMUALDO BARRERA, Agent, United States Border Patrol, in his individual capacity; and DOES 1-20, Agents, United States Border Patrol, in their individual capacities.<br><br>Defendants. | Case No. 5:20-cv-00081<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |

Pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiffs respectfully submit this memorandum in support of their emergency motion for leave to take expedited discovery. The discovery requests will be limited to confirming the identity of the agent or agents who shot Claudia Patricia Gomez Gonzalez.

## BACKGROUND

This is a civil rights action for the unlawful killing of Claudia Patricia Gomez Gonzalez, an unarmed young woman who posed a threat to no one, but was shot and killed by an Agent of the U.S. Border Patrol in the town of Rio Bravo, Texas, near Laredo. Complaint ("Compl.") ¶ 1.

Based on Plaintiffs' investigation, Defendant Romualdo Barrera is believed to be the U.S. Border Patrol Agent who shot Ms. Gomez, but the government has refused to confirm the identity of the shooter or shooters. *Id.*

Plaintiff Gilberto Gomez Vincente is the father of Claudia, Plaintiff Lidia Gonzalez Vazquez is the mother of Claudia, and Plaintiff Ricardo de Anda is the administrator of Claudia's estate. *Id.* ¶¶ 7-9. They filed this action on May 12, 2020. As alleged in the complaint, on May 23, 2018, Claudia was traveling along Centeno Lane, a largely residential street in Rio Bravo, Texas, several hundred yards from the Rio Grande, the international border between Mexico and the United States. *Id.* ¶¶ 17, 20. Claudia was unarmed and no one could reasonably perceive her as a threat to anyone. *Id.* ¶ 21. Shortly after noon on that day, Claudia and the people she was traveling with were in the corner of a fenced-in residential lot when they encountered an agent of the U.S. Border Patrol (the "Agent"). *Id.* ¶ 22. Four of the people from Claudia's group ran in two different directions to hide, while Claudia and another stayed in the lot. *Id.* ¶ 23. The Agent drew his weapon, and when Claudia took a step, the Agent shot her in the head. *Id.* ¶ 24. She collapsed to the ground, face down. *Id.* The Agent who shot her ran after the others who had hidden in a nearby mobile home. *Id.* A local resident began recording the incident on video. *Id.* ¶ 25. At that point, another Border Patrol agent stood over Claudia's body, attempting to turn her over. *Id.* As Claudia lay dying, she opened her mouth and gasped for air. *Id.* It took her at least several minutes to die. *Id.*

The federal government has not identified the agent or agents who shot Claudia. Prior to filing the complaint, Plaintiffs attempted to obtain confirmation of the identity of the shooter. Those efforts included interviews of witnesses, discussions with attorneys for parties involved in the government's investigation of the shooting and in related matters, and a review of public

records and other publicly available information. Declaration of Edgar Saldivar ("Saldivar Decl.") ¶ 2. Shortly before filing this complaint, Plaintiffs' counsel contacted a trial attorney at the United States Department of Justice, Civil Rights Division, who was involved in the government's investigation to request that the government confirm that Defendant Barrera was the shooter so that Plaintiffs could ensure that the correct defendant was identified. *Id.* ¶ 4. The Department of Justice declined to confirm the identity of the shooter. *Id.* ¶ 5. Based on Plaintiffs' counsel's investigation, Plaintiffs filed suit naming Agent Barrera as a defendant, but because the federal government has yet to officially verify the identity of the Agent who shot Claudia, Plaintiffs also named the Doe Defendants (to represent unknown agents of the U.S. Border Patrol) in case one or more agent or agents was a shooter. Once the identity of the shooter or shooters is confirmed by the government, Plaintiffs intend to amend their complaint to substitute the shooter or shooters (or to dismiss the Doe Defendants if it is confirmed that Agent Barrera is the sole shooter).

In light of the Government's refusal to identify the shooter or shooters voluntarily, Plaintiffs now seek leave to seek limited expedited discovery to identify the true names and identities of the shooter or shooters. Since Claudia was shot on May 23, 2018, Plaintiffs also seek to shorten the time to respond to the discovery requests so that the parties can avoid any unnecessary disputes about relation-back, tolling, or the impact of the Supreme Court of Texas's emergency orders tolling deadlines for filing or serving civil cases.

## ARGUMENT

**I. GOOD CAUSE EXISTS TO PERMIT EXPEDITED DISCOVERY OF THE IDENTITY OF THE AGENT WHO SHOT CLAUDIA.**

Pursuant to Rule 26(d)(1), the Court may permit immediate discovery where there is "good cause." *Carlton v. Olympus Corp. of the Americas*, No. 1:18-CV-00026-LY, 2018 WL 6252530, at *2 (W.D. Tex. Apr. 30, 2018). "[G]ood cause may be found where the need for

3

expedited discovery in consideration of the administration of justice outweighs the prejudice to the responding party." *Id.* Likewise, Rules 33(b)(2) and 34(b)(2)(A) expressly authorize the Court to shorten time to respond to discovery, and courts have held that the same good cause standard applies. *E.g.*, *Parrot, Inc. v. NiceStuff Distrib. Int'l, Inc.*, No. 06-61231, 2009 WL 10667522, at *3 (S.D. Fla. Jan. 26, 2009).

      **A.**    **Confirming the Identity of the Shooter Constitutes Good Cause.**

Courts routinely allow limited expedited discovery to obtain the identities of unknown defendants to allow a lawsuit to proceed where plaintiffs have used diligent efforts to obtain the information and the discovery request is narrowly tailored. *E.g.*, *Chanel, Inc. v. The Individual, Partnership, or Unincorporated Ass'n*, No. 4:14-cv-2617, 2014 WL 12605584, at *1 (S.D. Tex. Oct. 17, 2014) ("Plaintiff has made diligent efforts to identify the Defendants and obtain information required for service of process, but has been unsuccessful."); *Gutiérrez v. Martinez*, No. L-12-18, 2012 WL 13149228, at *2 (S.D. Tex. Mar. 12, 2012) ("The Court finds that good cause exists to permit Plaintiffs to conduct expedited discovery against the United States to determine the identities of the Doe Defendants and to confirm the identity of Martinez."); *see also Tennart v. City of Baton Rouge*, No. 17-179-JWD-EWD, 2017 WL 2798499, at *4 (M.D. La. June 28, 2017) ("Plaintiffs have established good cause for expedited discovery limited solely to identifying the unknown officers, deputies, and sheriffs who participated in the arrests of the nine named Plaintiffs."); *In re Cases Filed by Recording Companies*, No.1:07-cv-00358-LY, 2007 WL 9710246, at *2 (W.D. Tex. Sept. 5, 2007) ("As [plaintiffs] point out, without identification of the Doe Defendants, the type of conference contemplated under Rule 26(f) is impossible.").

Good cause exists to permit expedited discovery in this case. The complaint identifies Defendant Barrera and identifies all Doe Defendants as those federal employees involved in the

shooting and killing of Claudia on May 23, 2018. Compl. ¶¶ 12-14. Claudia's death was in part filmed by a local resident and has received extensive media coverage. *Id.* ¶ 25. All reports and the video indicate that the shooter or shooters were agents of the United States Border Patrol.

Additionally, Plaintiffs have taken reasonable steps to try to identify the individual federal agents. Saldivar Decl. ¶¶ 2-5. These steps have included telephone calls to the relevant federal agencies, discussions with witnesses and attorneys representing witnesses in the government's investigation and related matters, and monitoring media coverage of the shooting and investigation. *Id.* at ¶¶ 2, 4. Plaintiffs thus had a more than adequate basis to allege (as alleged in the Complaint) that Agent Barrera was the shooter. *Id.* at ¶ 3. If it emerges that Agent Barrera was not the shooter, however, Plaintiffs would need to know the identity of the shooter to proceed in their civil rights claims against the shooter. The same would be true if it turned out that Agent Barrera and another agent were both shooters. The two-year anniversary of Claudia's death will occur on May 23, 2020. Although Plaintiffs believe that there would be arguments available if the complaint needed to be amended to substitute another agent by name for Agent Barrera or to add another agent, Plaintiffs, out of an abundance of caution, believe it more prudent to obtain the expedited discovery to be able to file any amended complaint that needs to be filed before that anniversary. Among other things, expedited discovery will obviate the need for the parties to litigate and the Court to resolve such matters as the relation-back doctrine, whether the original complaint tolled the statute of limitations, and the applicability of the Supreme Court of Texas's emergency orders extending statutes of limitations.

Accordingly, limited early discovery is necessary. In *Gutiérrez*, 2012 WL 13149228, at *2, even where plaintiffs, through their search, had been able to identify one of the U.S. Marshals potentially responsible for plaintiffs' *Bivens* and Federal Tort Claims Act claims, the court held

5

that plaintiffs were entitled to expedited discovery against the United States to "determine the identities of the Doe Defendants and to confirm the identity of the [named defendant]." Therefore, just because Plaintiffs have uncovered the probable identity of one Defendant, good cause is still shown as the government has yet to confirm that Defendant Barrera was the Agent responsible and Plaintiffs have not been able to identify any other of the U.S. Border Patrol agents involved. Similarly, courts have found good cause where expedited discovery could prevent future disputes over relation-back and tolling. *E.g.*, *Gutiérrez*, 2012 WL 13149228, at *2 (granting motion where plaintiffs had two months before the statute of limitations ran); *see also Vance v. Rumsfeld*, No. 06-C-6964, 2007 WL 4557812, at *5 (N.D. Ill. Dec. 21, 2007) (granting motion to expedite discovery where plaintiffs had five months before statute of limitations ran). So too here, judicial efficiency counsels in favor of allowing narrow expedited discovery to confirm the identity of the shooter now.[1]

### B. The Proposed Expedited Discovery is Narrowly Tailored.

The proposed discovery requests are extremely narrow, consisting of a single interrogatory to the United States and Agent Barrera seeking identification of the agent or agents who shot Claudia and a single request for production to the United States for documents sufficient to show the identity of the agent or agents who shot Claudia. The requests do not seek further information about the shooting at this time (although Plaintiffs do not waive their right to conduct additional discovery in the future). For example, the requests as to which expedition is sought do not even seek the names of other agents who may have been witnesses to the shooting or who may have arrived at the scene immediately after the shooting. At this juncture, Plaintiffs seek only

---

[1] Moreover, Plaintiffs have shown diligence in bringing this request: this suit was filed *on the same day* that Mr. de Anda received letters of administration, a process that was delayed due to the ongoing coronavirus pandemic and the complexities of arranging probate where the heirs are located in a remote Guatemalan village.

information confirming the identity of the shooter or shooters—information that Agent Barrera knows and that the United States has readily available to it. The requests are thus precisely tailored to address the reason why expedited discovery is necessary—to ensure that the correct agent is identified as the shooter in the complaint.

Indeed, to further mitigate any burden, Plaintiffs are willing to accept an informal representation from the government as to the identity of the shooter or shooters in lieu of formal discovery responses. All Plaintiffs seek is some form of confirmation from the government either that Agent Barrera is the only shooter or the identities of any other shooters.

### C. The Court Should Order Defendants to Provide The Name of The Shooter or Shooters No Later Than May 21, 2020.

For the same reasons, Plaintiffs have shown good cause to shorten the time to respond. The requested information is plainly discoverable and immediately available to the government and Agent Barrera. There is no unfair prejudice to defendants in shortening time for responses, while Plaintiffs would face significant prejudice if Agent Barrera was not the only shooter and the parties thus have to litigate disputes over relation-back and similar doctrines.

In short, Plaintiffs have attempted, without success, to obtain official confirmation whether or not Agent Barrera was the agent who shot Claudia. As a result, Plaintiffs have filed this motion as a last resort. If defendants were now immediately prepared to provide the shooter's or shooters' identities, there would be no need for this motion. But, regardless of the process for obtaining the identities of the Doe Defendants, there is no basis for withholding the names.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant Plaintiffs' motion authorizing expedited discovery limited to a single request for production to the United States and

a single interrogatory to the United States and Agent Barrera and shortening the time for the government to respond to the discovery requests to May 21, 2020.

Dated:  May 13, 2020

Yosef J. Riemer*
N.Y. Bar No. 2703585
Joseph A. Loy
N.Y. Bar No. 4300042;
S.D. Tex. Bar No. 3546265
Joseph M. Sanderson*
N.Y. Bar No. 5585476
Giselle Sedano*
N.Y. Bar No. 5618186
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
yriemer@kirkland.com
jloy@kirkland.com
joseph.sanderson@kirkland.com
giselle.sedano@kirkland.com

Respectfully submitted,

/s/ *Edgar Saldivar*
Edgar Saldivar (Attorney-In-Charge)
Tex. Bar No. 24038188;
S.D. Tex. Bar No. 618958
Andre Segura
Tex. Bar No. 24107112;
S.D. Tex. Bar No. 3123385
ACLU FOUNDATION OF TEXAS, INC.
5225 Katy Fwy., Suite 350
Houston, Texas 77007
(713) 942-8146
esaldivar@aclutx.org
asegura@aclutx.org

Bernardo Rafael Cruz*
Tex. Bar No. 24109774
ACLU FOUNDATION OF TEXAS, INC.
109 N. Oregon St., Suite 600
El Paso, TX
(915) 308-7163
brcruz@aclutx.org

Lee Gelernt*
N.Y. Bar No. 2502532
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY10004
Phone: (212) 549-2600
Fax: (212) 549-2654
lgelernt@aclu.org

\* *Motions to appear pro hac vice forthcoming*