IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GILBERT GOMEZ VICENTE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:20-cv-00081 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| ROMUALDO BARRERA, Agent, United | § | |
| States Border Patrol, in his individual capacity; | § | |
| and DOES 1-20, Agents, United States Border | § | |
| Patrol, in their individual capacities, | § | |
| | § | |
| Defendants. | § | |

**UNITED STATES' ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**

COMES NOW, the United States of America ("United States"), Defendant herein[1], by and through the United States Attorney for the Southern District of Texas, and file this Answer to Plaintiffs Gilberto Gomez Vicente (Vicente), Lidia Gonzalez Vasquez ("Vasquez"), and Ricardo de Anda ("de Anda") Original Complaint, responding according to the numbered sections thereof, and respectfully answer as follows:

**PRELIMINARY STATEMENT**

1.      The United States admits only that the Plaintiffs have filed suit pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), claiming violations of the Fourth and Fifth Amendments of the Constitution of the United States, and the Federal Torts Claim Act ("FTCA") alleging common law battery, negligence, gross negligence, and reckless conduct.  The United States denies that Plaintiffs are entitled to any relief.   The remaining allegations in

---

[1] Vicente also named Border Patrol Agent Romualdo Barrera and DOES 1-20 in their individual capacities as defendants in this case pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).  Agent Barrera was individually served with process on June 8, 2020 and the DOES 1-20 have not been served with process in this case, and are not required to file an Answer at this time.  See Rules 4 and 12 of the Federal Rules of Civil Procedure.

paragraph one amount to legal conclusions to which no response is required.  To the extent that a response is required by the court, the allegations are denied.

2.      The United States denies.

## JURISDICTION AND VENUE

3.      The United States denies.

4.      The United States admits that Plaintiffs filed an administrative claim with U.S. Customs and Border Protection (CBP) and that more than six months have passed since the filing to said claim.  The remaining allegations contained in Paragraph 4 constitute legal conclusions, to which no response is required.  To the extent that a response is required, the United States denies.

5.      The United States admits only that BPA Barrera resides in Laredo, Texas, and that the act giving rise to this action occurred in this district.  All other allegations in Paragraph 5 are denied.

6.      The United States admits only that BPA Barrera resides in Laredo, Texas.  All other allegations in Paragraph 6 are denied.

## PARTIES

7.      Paragraph 7 of the Plaintiffs' Original Complaint does not contain allegations against the Defendants, and therefore requires no response from them.  To the extent that an answer is required, the United States lacks sufficient information to admit or deny.

8.      Paragraph 8 of the Plaintiffs' Original Complaint does not contain allegations against the Defendants, and therefore requires no response from them.  To the extent that an answer is required, the United States lacks sufficient information to admit or deny.

9.      Paragraph 9 of the Plaintiffs' Original Complaint does not contain allegations against the United States, and therefore requires no response.  To the extent that an answer is

required, the United States lacks sufficient information to admit or deny.

10.     The allegations contained in Paragraph 10 constitute legal conclusions, to which no response is required.  To the extent that an answer is required, the United States admits only that the United States is an appropriate defendant for proper claims arising under the FTCA.

11.     The United States admits only that Border Patrol Agent ("BPA") Romualdo Barrera ("Barrera") was an employee of the United States Border Patrol assigned to the Laredo South Station at the times relevant to the Complaint, and that his was the only firearm discharged during the incident.  To the extent that Plaintiff asserts that BPA Barrera shot and killed Claudia Patricia Gomez Gonzalez ("Ms. Gomez"), the United States admits that the BPA Barrera shot Ms. Gomez during a struggle.

12.     The United States lacks sufficient information to admit or deny as it is unclear to whom the Plaintiffs are referring.  To the extent that Plaintiff alleges other Border Patrol Agents shot or participated in the act of shooting or killing Ms. Gomez, the United States denies.

13.     The allegations contained in Paragraph 13 constitute legal conclusions, to which no response is required.  To the extent that a response is required, the United States lacks sufficient information to admit or deny.

14.     To the extent that the Plaintiff refers to BPA Barrera and its BPAs, the United States admits.  To the extent that Plaintiff refers to DOES 1-20, the United States lacks sufficient information to admit or deny as it is unclear to whom Plaintiffs are referring.

## FACTS

15.     Paragraph 15 of the Plaintiffs' Original Complaint does not contain allegations against the Defendants, and therefore requires no response from them.

16.     Paragraph 16 of the Plaintiffs' Original Complaint does not contain allegations

against the Defendants, and therefore requires no response from them.

17.     Paragraph 17 of the Plaintiffs' Original Complaint does not contain allegations against the Defendants, and therefore requires no response from them.

18.     Paragraph 18 of the Plaintiffs' Original Complaint does not contain allegations against the Defendants, and therefore requires no response from them.

19.     Paragraph 19 of the Plaintiffs' Original Complaint does not contain allegations against the Defendants, and therefore requires no response from them.

20.     Paragraph 20 of the Plaintiffs' Original Complaint does not contain allegations against the Defendants, and therefore requires no response from them.  To the extent that an answer is required, the United States lacks sufficient information to admit or deny.

21.     Paragraph 21 of the Plaintiffs' Original Complaint does not contain allegations against the Defendants, and therefore requires no response from them.  To the extent that an answer is required, the United States denies.

22.     Paragraph 22 of the Plaintiffs' Original Complaint does not contain allegations against the Defendants, and therefore requires no response from them.  To the extent that an answer is required, the United States admits that Agent Barrera encountered Ms. Gomez and approximately six other suspected illegal aliens hidden in the overgrown brush near a residential lot while tracking signs of a group of suspected illegal aliens in the area.  The United States denies all other allegations in paragraph 22.

23.     Paragraph 23 of the Plaintiffs' Original Complaint does not contain allegations against the Defendant, and therefore requires no response from them.  To the extent that an answer is required, the United States denies.

24.     The United States admits only that other BPAs responded to the scene soon after

the shot was fired.  The United States denies all other allegations in paragraph 24.

25.      Paragraph 25 of the Plaintiffs' Original Complaint does not contain allegations against the Defendants, and therefore requires no response from them.  To the extent that an answer is required, United States admits that responding BPAs approached Ms. Gomez and began rendering medical assistance, and that an unknown person or persons began recording video at an unknown time after the shot was fired.  The United States denies all other allegations in paragraph

26.      Paragraph 26 of the Plaintiffs' Original Complaint does not contain allegations against the Defendants, and therefore requires no response from them.  To the extent that an answer is required, the United States lacks sufficient information to admit or deny.

27.      The United States denies.

28.      The United States denies.

29.      Paragraph 29 of the Plaintiffs' Original Complaint does not contain allegations against the Defendants, and therefore requires no response from them.  To the extent that an answer is required, the United States admits to releasing a statement but denies making a press release.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Federal Torts Claim Act – Wrongful Death and Survival Statute – Against Defendant United States**

30.      Paragraph 30 of the Complaint incorporates by reference all of the allegations contained in Paragraphs 15 through 29 of the Complaint.  The United States incorporates its responses to Paragraphs 15 through 29 of this Answer, as though set forth in full.

31.      United States incorporates its response to Paragraph 14 of this Answer.

32.      The United States admits that Defendant Barrera was a U.S. Border Patrol Agent and that a bullet discharged from his firearm and hit Claudia Gonzalez in the head, causing her

5

death.  The United States denies all remaining allegations in Paragraph 32.

      33.      The United States denies.

      34.      The United States denies.

      35.      The United States denies.

      36.      The United States denies.

      37.      The United States denies.

## SECOND CAUSE OF ACTION
### Negligence, Gross Negligence, and Recklessness
### (Federal Torts Claim Act – Wrongful Death and Survival Statute – Against Defendant United States

      38.      Paragraph 38 of the Complaint incorporates by reference all of the allegations contained in Paragraphs 15 through 29 of the Complaint.  The United States incorporates its responses to Paragraphs 15 through 29 of this Answer, as though set forth in full.

      39.      The United States admits.

      40.      The allegations contained in Paragraph 40 constitute legal conclusions, to which no response is required.

      41.      The United States denies.

      42.      The United States denies.

      43.      The United States denies.

      44.      The United States denies.

## THIRD CAUSE OF ACTION
### Excessive, Unreasonable Force in Violation of the Fourth Amendment of the U.S. Constitution
### (*Bivens* Claim – Wrongful Death – Against Defendants Barrera and DOES 1-20

      45.      Paragraph 45 of the Complaint incorporates by reference all of the allegations contained in Paragraphs 15 through 29 of the Complaint.  The United States incorporates its

responses to Paragraphs 15 through 29 of this Answer, as though set forth in full.

46.     The allegations contained in Paragraph 46 constitute legal conclusions, to which no response is required.

47.     The United States denies.

48.     The United States denies.

49.     The allegations contained in Paragraph 49 constitute legal conclusions, to which no response is required.

50.     The United States denies.

51.     The United States denies.

52.     The United States admits only that Plaintiffs have brought this claim pursuant to *Bivens v. Six Unnamed Agents*, 403 U.S. 388 (1971).

53.     The United States denies.

54.     The United States denies.

## FOURTH CAUSE OF ACTION
**Excessive, Unreasonable Force in Violation of the Fourth Amendment of the U.S. Constitution**
**(*Bivens* Claim – Survival Statute – Against Defendants Barrera and DOES 1-20**

55.     Paragraph 55 of the Complaint incorporates by reference all of the allegations contained in Paragraphs 15 through 29 of the Complaint.  The United States incorporates its responses to Paragraphs 15 through 29 of this Answer, as though set forth in full.

56.     The allegations contained in Paragraph 56 constitute legal conclusions, to which no response is required.

57.     The United States denies.

58.     The United States denies.

59.     The allegations contained in Paragraph 59 constitute legal conclusions, to which

no response is required.

60.     The United States denies.

61.     The United States admits only that Plaintiffs have brought this claim pursuant to

*Bivens v. Six Unnamed Agents*, 403 U.S. 388 (1971).

62.     The United States denies.

63.     The United States denies.

**FIFTH CAUSE OF ACTION**
**Deprivation of Due Process in Violation of the Fifth Amendment of the U.S. Constitution**
**(*Bivens* Claim – Wrongful Death – Against Defendants Barrera and DOES 1-20**

64.     Paragraph 64 of the Complaint incorporates by reference all of the allegations

contained in Paragraphs 15 through 29 of the Complaint. The United States incorporates its

responses to Paragraphs 15 through 29 of this Answer, as though set forth in full.

65.     The allegations contained in Paragraph 65 constitute legal conclusions, to which

no response is required.

66.     The United States denies.

67.     The United States denies.

68.     The United States denies.

69.     The United States denies.

70.     The United States denies.

71.     The United States admits only that Plaintiffs have brought this claim pursuant to

*Bivens v. Six Unnamed Agents*, 403 U.S. 388 (1971).

72.     The United States denies.

73.     The United States denies.

## SIXTH CAUSE OF ACTION
### Deprivation of Due Process in Violation of the Fifth Amendment of the U.S. Constitution
### (*Bivens* Claim – Survival Statute – Against Defendants Barrera and DOES 1-20

74.     Paragraph 74 of the Complaint incorporates by reference all of the allegations contained in Paragraphs 15 through 29 of the Complaint. The United States incorporates its responses to Paragraphs 15 through 29 of this Answer, as though set forth in full.

75.     The allegations contained in Paragraph 75 constitute legal conclusions, to which no response is required.

76.     The United States denies.

77.     The United States denies.

78.     The United States denies.

79.     The United States denies.

80.     The United States denies.

81.     The United States admits only that Plaintiffs have brought this claim pursuant to *Bivens v. Six Unnamed Agents*, 403 U.S. 388 (1971).

82.     The United States denies.

83.     The United States denies.

## SEVENTH CAUSE OF ACTION
### Battery
### (Wrongful Death – Against Defendants Barrera and DOES 1-20)

84.     Paragraph 84 of the Complaint incorporates by reference all of the allegations contained in Paragraphs 15 through 29 of the Complaint. The United States incorporates its responses to Paragraphs 15 through 29 of this Answer, as though set forth in full.

85.     The United States denies.

86.     The United States denies.

87.     The United States denies.

88.     The United States denies.

89.     The United States denies.

## EIGHTH CAUSE OF ACTION
### Battery
### (Survival Statute– Against Defendants Barrera and DOES 1-20

90.     Paragraph 90 of the Complaint incorporates by reference all of the allegations

contained in Paragraphs 15 through 29 of the Complaint. The United States incorporates its

responses to Paragraphs 15 through 29 of this Answer, as though set forth in full.

91.     The United States denies.

92.     The United States denies.

93.     The United States denies.

94.     The United States denies.

95.     The United States denies.

## JURT TRIAL DEMANDED

96.     Paragraph 96 states Plaintiffs' jury trial demand.  The United States denies that

Plaintiffs are entitled to a jury trial for claims arising under the FTCA against the United States.

## PRAYER FOR RELIEF

Plaintiffs' complaint does not have a paragraph number for its prayer for relief.  A

response is not required.  To the extent that a response is required, the Defendants deny the

prayer for relief.  Except as admitted above, the Defendants deny each of the factual averments

upon which the Plaintiff relies.  Answering further, to the extent any other allegations are made

in Plaintiff's Complaint, but were not addressed above, they are denied.

## AFFIRMATIVE DEFENSES

In accordance with Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, Defendant United States hereby asserts the following affirmative defenses:

1.      Plaintiffs are not entitled to a jury trial as to any issue, claim, cause of action or matter concerning the United States.  28 U.S.C. §2402.

2.      The United States violated no actionable duty owed to Plaintiffs or decedent.

3.      The United States acted with due care and diligence at all relevant times.

4.      Plaintiffs' alleged injuries and damages alleged in the complaint were not proximately caused by the negligent, grossly negligent, reckless, or wrongful act or omission of an employee of the United States acting within the scope of his or her employment.

5.      Decedent was guilty of contributory and/or comparative negligence which serves to bar or reduce any recovery made by the plaintiffs on behalf of decedent.

6.      It was decedent's own failure to use care that proximately caused her alleged injuries.  Plaintiffs' relief, if any is barred or limited by federal statute and state law theories of comparative responsibility and/or contribution.  28 U.S.C. §§ 2674, 2678; 31 U.S.C. § 1304; Tex. Civ. Prac. & Rem. Code §§ 32.001 et seq. and 33.001 et seq.

7.      Plaintiffs' relief, if any, should be restricted to damages allowable under Texas statutory and common law.  That is, all state defenses available to "a private individual under like circumstances" are available to the defendant.  Title 28 U.S.C. § 2674.

8.      Plaintiffs' recovery, if any, is limited to damages recoverable under the Federal Tort Claims Act.

9.      In the event the United States is found to have been negligent, which negligence is denied, the negligence of decedent, Eder Cabrera-Sanchez, Carlos Perez-Vicente, Damian

Mendez-Pelanonso, and all other illegal aliens traveling with Decedent at the time was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery, or alternatively, mandating that any recovery be proportionately reduced.

10.     Plaintiffs' complaint sets forth injuries that resulted from a danger whose existence and character were fully appreciated by the decedent before she voluntarily exposed herself to it.

11.     Defendant United States designates Eder Cabrera-Sanchez, Carlos Perez-Vicente, Damian Mendez-Pelanonso, and all other illegal aliens traveling with Decedent at the time as responsible third parties.  *See Tex. Civ. Prac. & Rem. Code § 33.004 et seq.*  All listed individuals were co-conspirators in the attack on BPA Barrera.  It was the co-conspirator's unlawful conduct during the attack which created the circumstances in which the fatal shot was fired, and in fact were the proximate cause of Plaintiff's damages, if any.

12.     Defendant Barrera was legally authorized in his use of force.

13.     Defendant Barrera was legally privileged to use self-defense during that attack which created the circumstances in which the fatal shot was fired.  Tex. Penal Code § 9.51; Tex. Penal Code § 9.31; Tex. Penal Code § 9.22.

14.     Plaintiffs have failed to state a claim upon which relief can be granted.

15.     Plaintiffs' claims are barred under the discretionary function exception to the FTCA.  26 U.S.C. §2680(a).

16.     Plaintiffs' claims against the United States under the FTCA are barred by the Texas civil privilege defense.  Tex. Penal Code § 9.51.

17.     To the extent that state or federal common law or statutory law governing this type of action limits the Plaintiffs' cause of action, damages, or recoveries or the United States'

Case 5:20-cv-00081   Document 28   Filed on 09/09/20 in TXSD   Page 13 of 15

liability, such laws and limitations apply in this case, to the extent consistent with the Federal Tort Claims Act.

18.     To the extent Plaintiff requests equitable relief, not money damages, such relief is not cognizable under the Federal Tort Claims Act.  28 U.S.C. §2674.

19.     To the extent Plaintiff request prejudgment interest, such damages are not recoverable under the Federal Tort Claims Act.  28 U.S.C. §2674.

20.     To the extent Plaintiff requests punitive damages or any other non-compensatory damages against the United States, such damages are not recoverable under the Federal Tort Claims Act.  28 U.S.C. §2674.

21.     Plaintiffs' recovery, if any, against the United States is limited by the amount of Plaintiff's administrative claim, pursuant to the Federal Tort Claims Act.  28 U.S.C. 2675(b).

22.     Attorney's fees are limited as set forth in the Federal Tort Claims Act.  28 U.S.C. 2678.

23.     Plaintiffs are not entitled to an award of cost except as provided for by 28 U.S.C. §2412.

24.     Plaintiffs have failed to mitigate their damages.

25.     Plaintiffs are barred from recovery under the Texas Wrongful Death Statute.

26.     Plaintiffs are barred from recovery under the Texas Survival Statute.

                              Respectfully submitted,

                              RYAN K. PATRICK
                              United States Attorney


                    BY:    /s/  Jose Vela Jr.
                              Jose Vela Jr.
                              Assistant United States Attorney
                              Attorney in Charge

Fed ID# 25492
Texas State Bar No. 24040072
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
713.567.9000
713.718.3303 (fax)
jose.vela@usdoj.gov

14

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *United States' Answer to Plaintiffs' Original Complaint* was mailed via first class mail or electronic mail (ECF) on September 9, 2020, to the following:

Plaintiffs' Counsel

Edgar Saldivar
Andre Segura
ACLU Foundation of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, TX 77007
esaldivar@aclutx.org
asegura@aclutx.org

Bernardo Rafael Cruz
ACLU Foundation of Texas, Inc.
109 N. Oregon St., Suite 600
El Paso, TX 79901
brcruz@aclutx.org

Lee Gelernt
ACLU Foundation
125 Broad Street, 18th Street
New York, NY 10004
lgelernt@aclu.org

Yosef J. Riemer
Joseph A. Loy
Joseph M. Sanderson
Giselle Sedano
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
yriemer@kirkland.com
jloy@kirkland.com
joseph.sanderson@kirkland.com
giselle.sedano@kirkland.com

Romualdo Barrera's Counsel

Octavio Salinas II
Law Office of Octavio Salinas
1116 Calle Del Norte
Laredo, TX  78041
osalinasii@att.net

  /s/  *Jose Vela Jr.*
Assistant United States Attorney