IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GILBERT GOMEZ VICENTE, et al., | § § § | |
| Plaintiffs, | § § | |
| vs. | § | CIVIL ACTION NO. 5:20-cv-00081 |
| | § § | |
| UNITED STATES OF AMERICA, ROMUALDO BARRERA, Agent, United States Border Patrol, in his individual capacity; and DOES 1-20, Agents, United States Border Patrol, in their individual capacities, | § § § § § § § | |
| Defendants. | § | |

## PROTECTIVE ORDER

For the purpose of protecting the privacy of witnesses who participated in the government's investigation of the subject matter at issue in this case, and any other persons whose records are necessary to prosecute this case, against the unreasonable and unprotected disclosure of information pertaining to them and in accordance with the provisions and objectives of the Privacy Act of 1974, 5 U.S.C. § 552a (1976), it is hereby **ORDERED** pursuant to 5 U.S.C. § 552a(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure:

1. This Order applies to, governs, and directs the disclosure in the course of this action, from its inception through its conclusion, under the Federal Rules of Civil Procedure of all records that are either covered by the Privacy Act or otherwise contain personal information regarding individuals and which are encompassed by the Federal Rules requiring disclosure or are reasonably necessary or useful to fulfill Defendant, United States of America's, disclosure obligations and Plaintiffs' discovery requests. However, this Order neither addresses nor overrules any objections to discovery made pursuant to the Federal Rules of Civil Procedure on any basis other than personal privacy. This Order permits Defendant to meet its disclosure and discovery obligations

by disclosing to Plaintiffs and other parties to this litigation those files and documents, or information from those files and documents, reasonably calculated to fulfill those obligations without requiring Defendant to prescreen each document for Privacy Act objections and present those objections to this Court for a decision regarding disclosure. This Order also permits Defendants to disclose transcripts and/or recordings of any depositions taken under seal in the criminal proceedings related to the subject matter at issue in this case.

2. The records or the information obtained from those records shall be disclosed by Defendant only to Plaintiffs and any other parties to this litigation. Plaintiffs and any other parties to this litigation shall be allowed to copy any such records but shall not disclose them or any information obtained from them to any person unless such disclosure is reasonably calculated in good faith to aid in the preparation or prosecution of this litigation. Plaintiffs and/or any other parties to this litigation shall ensure that any person to whom disclosure may be made shall, prior to such disclosure, be informed of the terms of this Order. Any person to whom such disclosure is made and who is aware of this Order shall be bound by the terms of this Order.

3. No person to whom a record covered by this Order is disclosed by Plaintiffs or another party to this litigation shall make a copy of the record unless copying reasonably promotes the preparation for and trial of this litigation. Neither Plaintiffs nor any other party to this litigation nor any individual to whom plaintiffs or such other party makes disclosure shall disclose a record covered under this Order or any information contained in or derived from such a record except for the purposes of preparing for and prosecuting this litigation.

4. Upon conclusion of this action (including appeals), all records, copies of records, and information contained in or derived from such records (except copies of documents accepted into evidence) secured from the Defendant or its agents and protected by the terms of this Order shall

within a reasonable period be destroyed by counsel for Plaintiffs, all persons whom have been provided records, copies of records, or information contained in or derived from such records, and/or other parties to this action.

5. Nothing in this Order constitutes any decision by the Court concerning discovery disputes, the admission into evidence of any specific document, or liability for payment of any costs of production or reproduction; nor does the Order constitute a waiver by Defendant of its right to object to the discovery of or admission into evidence of any record or information subject to this Order.  By consenting to this Order, no party waives any of their positions respecting either the facts or the law applicable to this litigation.

It is so **ORDERED.**

**SIGNED** on _____, 2021.

_____
John A. Kazen
United States Magistrate Judge