UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **GILBERT GOMEZ VICENTE, et al.,** | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No.: 5:20-cv-00081 |
| **UNITED STATES OF AMERICA, ROMUALDO BARRERA,** Agent, United States Border Patrol, in his individual capacity; and **DOES 1-20,** Agents, United States Border Patrol, in their individual capacities, | § § § § § § § § | |
| *Defendants.* | § | |

### DEFENDANT BORDER PATROL AGENT ROMUALDO BARRERA'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Border Patrol Agent Romualdo Barrera ("**BPA Barrera**") files this Answer to Plaintiffs' Original Complaint. BPA Barrera denies all allegations not specifically admitted herein and further alleges and states as follows:

1. BPA Barrera admits only that Plaintiffs filed suit pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), claiming violations of the Fourth and Fifth Amendments of the Constitution of the United States, for common law battery, and pursuant to the Federal Torts Claim Act ("**FTCA**") alleging common law battery, negligence, gross negligence, and reckless conduct. The remaining allegations in paragraph one amount to legal conclusions to which no response is required. To the extent that an answer is required, BPA Barrera denies the allegations.

2. BPA Barrera denies the allegations in Paragraph 2.

3. BPA Barrera denies the allegations in Paragraph 3.

4. BPA Barrera admits that Plaintiffs filed an administrative claim with U.S. Customs and Border Protection ("**CBP**") and that more than six months have passed since the filing of said claim. The remaining allegations in Paragraph 4 constitute legal conclusions, to which no response is required. To the extent that an answer is required, BPA Barrera denies the allegations.

5. BPA Barrera admits that he resides in Laredo, Texas, and that the act giving rise to this action occurred in this district.

6. BPA Barrera admits that he resides in Laredo, Texas, and that the act giving rise to this action occurred in this district.

7. BPA Barrera is without sufficient knowledge to admit or deny the allegations in Paragraph 7.

8. BPA Barrera is without sufficient knowledge to admit or deny the allegations in Paragraph 8.

9. BPA Barrera is without sufficient knowledge to admit or deny the allegations in Paragraph 9.

10. BPA Barrera admits only that the United States is an appropriate defendant for proper claims arising under the FTCA.

11. BPA Barrera admits that he was an employee of the United States Border Patrol assigned to the Laredo South Station at the times relevant to the Complaint, and that his was the only firearm discharged during the incident. BPA Barrera denies the remaining allegations.

12. BPA Barrera is without sufficient knowledge to admit or deny the allegations in Paragraph 12.

13. BPA Barrera is without sufficient knowledge to admit or deny the allegations in Paragraph 13.

14. To the extent Plaintiffs refer to BPA Barrera, BPA Barrera admits the allegations in Paragraph 14. Regarding DOES 1-20, BPA Barrera is without sufficient knowledge to admit or deny the allegations.

15. Paragraph 15 does not contain allegations against BPA Barrera, and therefore requires no response from him. To the extent that an answer is required, BPA Barrera is without sufficient knowledge to admit or deny the allegations.

16. Paragraph 16 does not contain allegations against BPA Barrera, and therefore requires no response from him. To the extent that an answer is required, BPA Barrera is without sufficient knowledge to admit or deny the allegations.

17. Paragraph 17 does not contain allegations against BPA Barrera, and therefore requires no response from him. To the extent that an answer is required, BPA Barrera is without sufficient knowledge to admit or deny the allegations.

18. Paragraph 18 does not contain allegations against BPA Barrera, and therefore requires no response from him. To the extent that an answer is required, BPA Barrera is without sufficient knowledge to admit or deny the allegations.

19. Paragraph 19 does not contain allegations against BPA Barrera, and therefore requires no response from him. To the extent that an answer is required, BPA Barrera is without sufficient knowledge to admit or deny the allegations.

20. Paragraph 20 does not contain allegations against BPA Barrera, and therefore requires no response from him. To the extent that an answer is required, BPA Barrera is without sufficient knowledge to admit or deny the allegations.

21. Paragraph 21 does not contain allegations against BPA Barrera, and therefore requires no response from him. To the extent that an answer is required, BPA Barrera denies the allegations.

22. Paragraph 22 does not contain allegations against BPA Barrera, and therefore no response is required from him. To the extent that an answer is required, BPA Barrera admits he encountered Decedent and approximately six other suspected illegal aliens hidden in the overgrown brush near a residential lot while tracking signs of a group of suspected illegal aliens in the area. BPA Barrera denies all other allegations.

23. Paragraph 23 does not contain allegations against BPA Barrera, and therefore no response is required from him. To the extent that an answer is required, BPA Barrera is without sufficient knowledge to admit or deny the allegations.

24. BPA Barrera admits only that other BPAs responded to the scene soon after the firearm was discharged. BPA Barrera denies all other allegations in Paragraph 24.

25. Paragraph 25 does not contain allegations against BPA Barrera, and therefore requires no response from him. To the extent that an answer is required, BPA Barrera admits that responding BPAs approached Decedent and began rendering medical assistance, and that an unknown person or persons began recording video at an unknown time after the shot was fired. BPA Barrera denies all other allegations.

26. Paragraph 26 does not contain allegations against BPA Barrera, and therefore requires no response from him. To the extent that an answer is required, BPA Barrera is without sufficient knowledge to admit or deny the allegations.

27. BPA Barrera denies the allegations in Paragraph 27.

28. BPA Barrera denies the allegations in Paragraph 28.

29. Paragraph 29 does not contain allegations against BPA Barrera, and therefore requires no response from him. To the extent an answer is required, BPA Barrera denies the allegations.

30. Paragraphs 30–44 relate to claims arising under the FTCA and solely against the U.S. As such, no response from BPA Barrera is required. To the extent such paragraphs contain allegations against BPA Barrera, such are denied.

45. Paragraphs 45–83 relate to claims arising under *Bivens*, 403 U.S. 388. The Court has dismissed these claims. ECF No. 61. As such, no response from BPA Barrera is required.

84. Paragraph 84 of the Complaint incorporates by reference all of the allegations contained in Paragraphs 15 through 29 of the Complaint. BPA Barrera incorporates his responses to Paragraphs 15 through 29 of this Answer, as though set forth in full.

85. BPA Barrera denies the allegations in Paragraph 85.

86. BPA Barrera denies the allegations in Paragraph 86.

87. BPA Barrera denies the allegations in Paragraph 87.

88. BPA Barrera denies the allegations in Paragraph 88.

89. BPA Barrera denies the allegations in Paragraph 89.

90. Paragraph 90 of the Complaint incorporates by reference all of the allegations contained in Paragraphs 15 through 29 of the Complaint. BPA Barrera incorporates his responses to Paragraphs 15 through 29 of this Answer, as though set forth in full.

91. BPA Barrera denies the allegations in Paragraph 91.

92. BPA Barrera denies the allegations in Paragraph 92.

93. BPA Barrera denies the allegations in Paragraph 93.

94. BPA Barrera denies the allegations in Paragraph 94.

95. BPA Barrera denies the allegations in Paragraph 95.

96. Paragraph 96 states Plaintiffs' jury trial demand and does not require a response.

The allegations contained in the "PRAYER FOR RELIEF" section, for which there is no paragraph number, of Plaintiffs' Complaint contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, the same are denied. To the extent that the paragraph requires a responsive prayer, BPA Barrera prays that Plaintiffs take nothing against him, that this action be dismissed, or that judgment be entered in favor of Agent Barrera on each and every cause of action alleged, and that Agent Barrera be awarded his costs and expenses incurred herein, and for such other relief as the Court deems just and equitable.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

Without assuming the burden of proof as to the following (other than any burden imposed by law), BPA Barrera asserts the following defenses and affirmative defenses to the Complaint, while reserving the right to raise additional defenses and affirmative defenses that become apparent through discovery:

1. BPA Barrera violated no actionable duty owed to Plaintiffs or decedent.

2. BPA Barrera acted with due care and diligence at all relevant times.

3. BPA Barrera did not violate a clearly established statutory or constitutional right of which a reasonable person would have known, and as such is shielded by qualified immunity.

4. BPA Barrera acted as a government employee who performed a discretionary governmental act in good faith within the scope of his authority, and as such is shielded by official immunity.

5. Plaintiffs' alleged injuries and damages were not proximately caused by the negligent, grossly negligent, reckless, or wrongful act or omission of BPA Barrera.

6. Decedent was guilty of contributory and/or comparative negligence, which serves to bar or reduce any recovery made by Plaintiffs on behalf of Decedent.

7. It was Decedent's own failure to use care that proximately caused her alleged injuries. Plaintiffs' relief, if any, is barred or limited by state law theories of proportionate responsibility and/or contribution. Tex. Civ. Prac. & Rem. Code §§ 32.001 et seq. and 33.001 et seq.

8. In the event BPA Barrera is found to have been negligent, which negligence is denied, the negligence of Decedent, Ever Cabrera Sanchez, Carlos Perez Vicente, Damian Mendez Pelañonso, and all other illegal aliens traveling with Decedent at the time was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery, or alternatively, mandating that any recovery be proportionately reduced.

9. Plaintiffs' complaint sets forth injuries that resulted from a danger whose existence and character were fully appreciated by Decedent before she voluntarily exposed herself to it.

10. BPA Barrera designates Ever Cabrera Sanchez, Carlos Perez Vicente, Damian Mendez Pelañonso, and all other illegal aliens traveling with Decedent at the time as responsible third parties. *See* Tex. Civ. Prac. & Rem. Code § 33.004 et seq. It was the individuals' unlawful conduct during the incident which created the circumstances in which the firearm was discharged, and in fact were the proximate cause of Plaintiffs' damages, if any.

11. Plaintiffs have failed to state a claim upon which relief can be granted.

12. Plaintiffs are barred from recovery under the Texas Wrongful Death Statute.

13. Plaintiffs are barred from recovery under the Texas Survival Statute.

## PRAYER

WHEREFORE, BPA Barrera prays:

(1) That Plaintiffs take nothing by this action,

(2) That the Court enter judgment in favor of BPA Barrera, and

(3) For all other relief at law or in equity to which BPA Barrera is justly entitled.

Dated: October 27, 2021.

                                                  Respectfully submitted,

                                                  **DAVIS & SANTOS, P.C.**

By: */s/ Stephanie L. Dodge*
Jason M. Davis
**Attorney-In-Charge**
Texas State Bar No. 00793592
Southern District No. 20114
Email: *jdavis@dslawpc.com*
Stephanie L. Dodge
Texas State Bar No. 24105336
Southern District No. 3599198
Email: *sdodge@dslawpc.com*
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882

***Attorneys for Defendant Romualdo Barrera***

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2021, the foregoing document was served on counsel of record via the Court's ECF system.

                                                  */s/ Stephanie L. Dodge*
                                                  Stephanie L. Dodge