IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| GILBERT GOMEZ VICENTE, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| vs. § | CIVIL ACTION NO. 5:20-cv-00081 |
| § | |
| UNITED STATES OF AMERICA, § | |
| ROMUALDO BARRERA, Agent, United § | |
| States Border Patrol, in his individual capacity, § | |
| § | |
| Defendants. § | |

**UNITED STATES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

COMES NOW, the United States of America ("United States"), Defendant herein, by and through the United States Attorney for the Southern District of Texas, and file this Answer to Plaintiffs Gilberto Gomez Vicente (Vicente), Lidia Gonzalez Vasquez ("Vasquez"), and Ricardo de Anda ("de Anda") First Amended Complaint, responding according to the numbered sections thereof, and respectfully answer as follows:

**PRELIMINARY STATEMENT**

1. The United States admits only that the Plaintiffs have filed suit pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), claiming violations of the Fourth and Fifth Amendments of the Constitution of the United States, and the Federal Torts Claim Act ("FTCA") alleging common law battery, negligence, gross negligence, and reckless conduct. The United States denies that Plaintiffs are entitled to any relief. The remaining allegations in paragraph one amount to legal conclusions, and Plaintiffs' description of this action, to which no response is required. To the extent that a response is required by the court, the allegations are denied.

2. The United States denies.

**JURISDICTION AND VENUE**

3. Paragraph 3 of Plaintiff's First Amended Complaint contains legal conclusions to which no response is required. To the extent that a response is required by the court, the allegations are denied.

4. The United States admits that Plaintiffs filed an administrative claim with U.S. Customs and Border Protection (CBP) and that more than six months have passed since the filing to said claim. The remaining allegations contained in Paragraph 4 constitute legal conclusions, to which no response is required. To the extent that a response is required, the United States denies.

5. The United States admits only that BPA Barrera resides in Laredo, Texas, and that the act giving rise to this action occurred in this district. All other allegations in Paragraph 5 are legal conclusions, to which no response is required. To the extent that a response is required, the United States denies.

6. The United States admits only that BPA Barrera resides in Laredo, Texas. All other allegations in Paragraph 6 are legal conclusions, to which no response is required. To the extent that a response is required, the United States denies.

## PARTIES

7. Paragraph 7 of the Plaintiffs' Amended Complaint does not contain allegations against the Defendants, and therefore requires no response from them. To the extent that an answer is required, the United States lacks sufficient information to admit or deny.

8. Paragraph 8 of the Plaintiffs' Amended Complaint does not contain allegations against the Defendants, and therefore requires no response from them. To the extent that an answer is required, the United States lacks sufficient information to admit or deny.

9. Paragraph 9 of the Plaintiffs' Amended Complaint does not contain allegations against the United States, and therefore requires no response. To the extent that an answer is

required, the United States lacks sufficient information to admit or deny.

10.     The allegations contained in Paragraph 10 constitute legal conclusions, to which no response is required. To the extent that an answer is required, the United States admits only that the United States is an appropriate defendant for proper claims arising under the FTCA.

11.     The United States admits only that Border Patrol Agent ("BPA") Romualdo Barrera ("Barrera") was an employee of the United States Border Patrol assigned to the Laredo South Station at the times relevant to the Complaint, and that his was the only firearm discharged during the incident. To the extent that Plaintiff asserts that BPA Barrera shot and killed Claudia Patricia Gomez Gonzalez ("Ms. Gomez"), the United States admits that the BPA Barrera shot Ms. Gomez during a struggle.

12.     The United States lacks sufficient information to admit or deny as it is unclear to whom the Plaintiffs are referring. To the extent that Plaintiff alleges other Border Patrol Agents shot or participated in the act of shooting or killing Ms. Gomez, the United States denies.

13.     The allegations contained in Paragraph 13 constitute legal conclusions, to which no response is required.

## FACTS

14.     Paragraph 14 of the Plaintiffs' Amended Complaint does not contain allegations against the Defendants, and therefore requires no response from them.

15.     Paragraph 15 of the Plaintiffs' Amended Complaint does not contain allegations against the Defendants, and therefore requires no response from them.

16.     Paragraph 16 of the Plaintiffs' Amended Complaint does not contain allegations against the Defendants, and therefore requires no response from them.

17.     Paragraph 17 of the Plaintiffs' Amended Complaint does not contain allegations

against the Defendants, and therefore requires no response from them.

18. Paragraph 18 of the Plaintiffs' Amended Complaint does not contain allegations against the Defendants, and therefore requires no response from them.

19. Paragraph 19 of the Plaintiffs' Amended Complaint does not contain allegations against the Defendants, and therefore requires no response from them. To the extent that an answer is required, the United States lacks sufficient information to admit or deny.

20. Paragraph 20 of the Plaintiffs' Amended Complaint does not contain allegations against the Defendants, and therefore requires no response from them. To the extent that an answer is required, the United States denies.

21. Paragraph 21 of the Plaintiffs' Amended Complaint does not contain allegations against the Defendants, and therefore requires no response from them. To the extent that an answer is required, the United States admits that Agent Barrera encountered Ms. Gomez and approximately six other suspected illegal aliens hidden in the overgrown brush near a residential lot while tracking signs of a group of suspected illegal aliens in the area. The United States denies all other allegations in paragraph 21.

22. The United States denies the allegations in Paragraph 22.

23. The United States admits only that BPA Barrera drew his weapon and that he shot Ms. Gomez. The United States denies all other allegations in Paragraph 23.

24. Paragraph 24 of the Plaintiffs' Amended Complaint does not contain allegations against the Defendants, and therefore requires no response from them. To the extent that an answer is required, United States admits that responding BPAs approached Ms. Gomez and began rendering medical assistance, and that an unknown person or persons began recording video at an unknown time after the shot was fired. The video provides the best evidence of its contents and

speaks for itself. The United States denies all other allegations in paragraph 24.

25. Paragraph 25 of the Plaintiffs' Amended Complaint does not contain allegations against the Defendants, and therefore requires no response from them. To the extent that an answer is required, the allegations describe the findings of the Webb County Medical Examiner, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and meaning of the medical examiner's findings are denied.

26. Paragraph 26 of Plaintiffs' Amended Complaint describes and quotes from U.S. Customs and Border Protections' "Use of Force Policy, Guidelines, and Procedures Handbook", which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

27. The United States denies the allegations in Paragraph 27.

28. The United States denies the allegations in Paragraph 28.

29. Paragraph 29 of the Plaintiffs' Amended Complaint does not contain allegations against the Defendants, and therefore requires no response from them. To the extent that an answer is required, the United States denies.

30. Paragraph 30 of the Plaintiffs' Amended Complaint does not contain allegations against the Defendants, and therefore requires no response from them. To the extent that an answer is required, the United States admits to releasing a statement but denies making a press release. The United States denies all other allegations in paragraph 30.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Federal Torts Claim Act – Wrongful Death and Survival Statute – Against Defendant United States**

31. Paragraph 31 of the Complaint incorporates by reference all of the allegations

5

contained in Paragraphs 14 through 30 of the Complaint. The United States incorporates its responses to Paragraphs 14 through 30 of this Answer, as though set forth in full.

32. United States incorporates its response to Paragraph 13 of this Answer.

33. The United States admits that Defendant Barrera was a U.S. Border Patrol Agent and that a bullet discharged from his firearm and hit Claudia Gonzalez in the head, causing her death. The United States denies all remaining allegations in Paragraph 33.

34. The United States denies.

35. The United States denies.

36. The United States denies.

37. The United States denies.

38. The United States denies.

## SECOND CAUSE OF ACTION
### Negligence, Gross Negligence, and Recklessness
### (Federal Torts Claim Act – Wrongful Death and Survival Statute – Against Defendant United States

39. Paragraph 39 of the Complaint incorporates by reference all of the allegations contained in Paragraphs 14 through 30 of the Complaint. The United States incorporates its responses to Paragraphs 14 through 30 of this Answer, as though set forth in full.

40. The United States admits.

41. The allegations contained in Paragraph 41 constitute legal conclusions, to which no response is required.

42. The United States denies.

43. The United States denies.

44. The United States denies.

45. The United States denies.

### THIRD CAUSE OF ACTION
**Excessive, Unreasonable Force in Violation of the Fourth Amendment of the U.S. Constitution**
(*Bivens* **Claim – Wrongful Death – Against Defendant Barrera**)

46. Paragraph 46 of the Complaint incorporates by reference all of the allegations contained in Paragraphs 14 through 30 of the Complaint. The United States incorporates its responses to Paragraphs 14 through 30 of this Answer, as though set forth in full.

47. The allegations contained in Paragraph 47 constitute legal conclusions, to which no response is required.

48. The United States denies.

49. The United States denies.

50. The allegations contained in Paragraph 49 constitute legal conclusions, to which no response is required.

51. The United States denies.

52. The United States denies.

53. The United States admits only that Plaintiffs have brought this claim pursuant to *Bivens v. Six Unnamed Agents*, 403 U.S. 388 (1971).

54. The United States denies.

55. The United States denies.

### FOURTH CAUSE OF ACTION
**Excessive, Unreasonable Force in Violation of the Fourth Amendment of the U.S. Constitution**
(*Bivens* **Claim – Survival Statute – Against Defendant Barrera**)

56. Paragraph 56 of the Complaint incorporates by reference all of the allegations contained in Paragraphs 14 through 30 of the Complaint. The United States incorporates its responses to Paragraphs 14 through 30 of this Answer, as though set forth in full.

7

57. The allegations contained in Paragraph 57 constitute legal conclusions, to which no response is required.

58. The United States denies.

59. The United States denies.

60. The allegations contained in Paragraph 59 constitute legal conclusions, to which no response is required.

61. The United States denies.

62. The United States admits only that Plaintiffs have brought this claim pursuant to *Bivens v. Six Unnamed Agents*, 403 U.S. 388 (1971).

63. The United States denies.

64. The United States denies.

**FIFTH CAUSE OF ACTION**
**Deprivation of Due Process in Violation of the Fifth Amendment of the U.S. Constitution**
**(*Bivens* Claim – Wrongful Death – Against Defendant Barrera)**

65. Paragraph 65 of the Complaint incorporates by reference all of the allegations contained in Paragraphs 14 through 30 of the Complaint. The United States incorporates its responses to Paragraphs 14 through 30 of this Answer, as though set forth in full.

66. The allegations contained in Paragraph 66 constitute legal conclusions, to which no response is required.

67. The United States denies.

68. The United States denies.

69. The United States denies.

70. The United States denies.

71. The United States denies.

72. The United States admits only that Plaintiffs have brought this claim pursuant to *Bivens v. Six Unnamed Agents*, 403 U.S. 388 (1971).

73. The United States denies.

74. The United States denies.

## SIXTH CAUSE OF ACTION
**Deprivation of Due Process in Violation of the Fifth Amendment of the U.S. Constitution**
**(*Bivens* Claim – Survival Statute – Against Defendant Barrera)**

75. Paragraph 75 of the Complaint incorporates by reference all of the allegations contained in Paragraphs 14 through 30 of the Complaint. The United States incorporates its responses to Paragraphs 14 through 30 of this Answer, as though set forth in full.

76. The allegations contained in Paragraph 76 constitute legal conclusions, to which no response is required.

77. The United States denies.

78. The United States denies.

79. The United States denies.

80. The United States denies.

81. The United States denies.

82. The United States admits only that Plaintiffs have brought this claim pursuant to *Bivens v. Six Unnamed Agents*, 403 U.S. 388 (1971).

83. The United States denies.

84. The United States denies.

## SEVENTH CAUSE OF ACTION
**Battery**
**(Wrongful Death – Against Defendant Barrera)**

85. Paragraph 85 of the Complaint incorporates by reference all of the allegations

contained in Paragraphs 14 through 30 of the Complaint. The United States incorporates its responses to Paragraphs 14 through 30 of this Answer, as though set forth in full.

86. The United States denies.

87. The United States denies.

88. The United States denies.

89. The United States denies.

90. The United States denies.

91. The United States denies.

### EIGHTH CAUSE OF ACTION
### Battery
### (Survival Statute– Against Defendants Barrera and DOES 1-20

92. Paragraph 92 of the Complaint incorporates by reference all of the allegations contained in Paragraphs 14 through 30 of the Complaint. The United States incorporates its responses to Paragraphs 14 through 30 of this Answer, as though set forth in full.

93. The United States denies.

94. The United States denies.

95. The United States denies.

96. The United States denies.

97. The United States denies.

98. The United States denies.

### JURT TRIAL DEMANDED

99. Paragraph 99 states Plaintiffs' jury trial demand. The United States denies that Plaintiffs are entitled to a jury trial for claims arising under the FTCA against the United States.

### PRAYER FOR RELIEF

Plaintiffs' complaint does not have a paragraph number for its prayer for relief. A response is not required to Plaintiffs' request for relief. To the extent that a response is required, the United States denies that Plaintiffs are entitled to any relief. Except as admitted above, the United States denies each of the factual averments upon which the Plaintiffs rely. Answering further, to the extent any other allegations are made in Plaintiffs' Complaint, but were not addressed above, they are denied.

## **AFFIRMATIVE DEFENSES**

In accordance with Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, Defendant United States hereby asserts the following affirmative defenses:

1. Plaintiffs are not entitled to a jury trial as to any issue, claim, cause of action or matter concerning the United States. 28 U.S.C. §2402.

2. The United States violated no actionable duty owed to Plaintiffs or decedent.

3. The United States acted with due care and diligence at all relevant times.

4. Plaintiffs' alleged injuries and damages alleged in the complaint were not proximately caused by the negligent, grossly negligent, reckless, or wrongful act or omission of an employee of the United States acting within the scope of his or her employment.

5. Decedent was guilty of contributory and/or comparative negligence which serves to bar or reduce any recovery made by the plaintiffs on behalf of decedent.

6. It was decedent's own failure to use care that proximately caused her alleged injuries. Plaintiffs' relief, if any is barred or limited by federal statute and state law theories of comparative responsibility and/or contribution. 28 U.S.C. §§ 2674, 2678; 31 U.S.C. § 1304; Tex. Civ. Prac. & Rem. Code §§ 32.001 et seq. and 33.001 et seq.

7. Plaintiffs' relief, if any, should be restricted to damages allowable under Texas statutory and common law. That is, all state defenses available to "a private individual under like circumstances" are available to the defendant. Title 28 U.S.C. § 2674.

8. Plaintiffs' recovery, if any, is limited to damages recoverable under the Federal Tort Claims Act.

9. In the event the United States is found to have been negligent, which negligence is denied, the negligence of decedent, Eder Cabrera-Sanchez, Carlos Perez-Vicente, Damian Mendez-Pelanonso, and all other illegal aliens traveling with Decedent at the time was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery, or alternatively, mandating that any recovery be proportionately reduced.

10. Plaintiffs' complaint sets forth injuries that resulted from a danger whose existence and character were fully appreciated by the decedent before she voluntarily exposed herself to it.

11. Defendant United States designates Eder Cabrera-Sanchez, Carlos Perez-Vicente, Damian Mendez-Pelanonso, and all other illegal aliens traveling with Decedent at the time as responsible third parties. *See Tex. Civ. Prac. & Rem. Code § 33.004 et seq.* All listed individuals were co-conspirators in the attack on BPA Barrera. It was the co-conspirator's unlawful conduct during the attack which created the circumstances in which the fatal shot was fired, and in fact were the proximate cause of Plaintiff's damages, if any.

12. Defendant Barrera was legally authorized in his use of force.

13. Defendant Barrera was legally privileged to use self-defense during that attack which created the circumstances in which the fatal shot was fired. Tex. Penal Code § 9.51; Tex. Penal Code § 9.31; Tex. Penal Code § 9.22.

14. Plaintiffs have failed to state a claim upon which relief can be granted.

15. Plaintiffs' claims are barred under the discretionary function exception to the FTCA.  26 U.S.C. §2680(a).

16. Plaintiffs' claims against the United States under the FTCA are barred by the Texas civil privilege defense.  Tex. Penal Code § 9.51.

17. To the extent that state or federal common law or statutory law governing this type of action limits the Plaintiffs' cause of action, damages, or recoveries or the United States' liability, such laws and limitations apply in this case, to the extent consistent with the Federal Tort Claims Act.

18. To the extent Plaintiff requests equitable relief, not money damages, such relief is not cognizable under the Federal Tort Claims Act.  28 U.S.C. §2674.

19. To the extent Plaintiff request prejudgment interest, such damages are not recoverable under the Federal Tort Claims Act.  28 U.S.C. §2674.

20. To the extent Plaintiff requests punitive damages or any other non-compensatory damages against the United States, such damages are not recoverable under the Federal Tort Claims Act.  28 U.S.C. §2674.

21. Plaintiffs' recovery, if any, against the United States is limited by the amount of Plaintiff's administrative claim, pursuant to the Federal Tort Claims Act.  28 U.S.C. 2675(b).

22. Attorney's fees are limited as set forth in the Federal Tort Claims Act.  28 U.S.C. 2678.

23. Plaintiffs are not entitled to an award of cost except as provided for by 28 U.S.C. §2412.

24. Plaintiffs have failed to mitigate their damages.

25. Plaintiffs are barred from recovery under the Texas Wrongful Death Statute.

26. Plaintiffs are barred from recovery under the Texas Survival Statute. To the extent that Plaintiffs' claims are not barred, any damages are limited to the decedents conscious pain, suffering and mental anguish, medical expenses, funeral and burial expenses. *See Vazquez-Lopez v. U.S.*, CIV.A. L-04-CV-92, 2006 WL 870360, at *2 (S.D. Tex. Mar. 28, 2006) (citing Tex. Civ. Prac. & Rem.Code § 71.021).

Respectfully submitted,

JENNIFER B. LOWERY
United States Attorney

*s/Jimmy A. Rodriguez*
Jimmy A. Rodriguez
Assistant United States Attorney
Southern District of Texas
Attorney in Charge
Texas Bar No. 24037378
Federal ID No. 572175
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9532
Fax: (713) 718-3303

Attorney for the United States

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *United States' Answer to Plaintiffs' First Amended Complaint* was mailed via first class mail or electronic mail (ECF) on May 2, 2022, to all counsel of record.

                                                         *s/Jimmy A. Rodriguez*
                                                   Assistant United States Attorney